IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| TMI MANAGEMENT SYSTEMS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | No. 07-407C |
| | ) | (Senior Judge Smith) |
| v. | ) | |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**JOINT STATEMENT OF UNDISPUTED FACTS**

Plaintiff, TMI Management Systems, Inc. ("TMI"), and defendant, the United States, respectfully file this Joint Statement of Undisputed Facts as follows:

1. On October 1, 2002, the General Services Administration ("GSA") awarded TMI Management Systems, Inc., a Multiple Award Schedule ("MAS") contract, Contract No. GS-07F-0007N – a Schedule 736 contract – Temporary Administrative and Professional Staffing Services ("TAPS"). TMI was a small business when it received the contract award.

2. The contract has a base period of five years, which will expire on September 30, 2007, and allows for the Government to exercise three five-year options.

3. Under the GSA MAS Program, GSA establishes long-term government-wide contracts with commercial firms to provide access to commercial supplies and services that can be ordered directly from GSA Schedule contractors or through GSA's online shopping and ordering system.

4. MAS contracts are indefinite delivery, indefinite quantity (IDIQ) contracts that are available for use by all authorized users. There is no competition for contractors to obtain a MAS contract because GSA awards contracts to responsible companies offering commercial items, at fair and reasonable prices, that fall within the generic descriptions in the GSA Schedule solicitations. Contracting officers determine whether prices are fair and reasonable by comparing the prices/discounts that a company offers the government with the prices/discounts that the company offers to commercial customers. The MAS program allows GSA to make multiple contract awards to a wide variety of contractors using one solicitation.

5. TMI performed satisfactorily under the terms of the contract.

6. TMI no longer qualifies as a small business and no longer certifies itself as one when submitting offers for new government contracts.

7. The synopsis and solicitation for Schedule 736 states that it is "100% set-aside for small business."

8. There are currently 236 contracts under Schedule 736, all of which are small businesses.

9. FSS Acquisition Letter FX-03-3, dated June 19, 2003, which references GSA Acquisition Letter MV-03-01 and provided guidance on implementing class deviation – size of business re-representation, remains effective until November 22, 2007.

The parties will agree to the authenticity and admissibility of documents and file a joint appendix with the Court at the same time that plaintiff files its motion for summary judgment.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Donald E. Kinner
DONALD E. KINNER
Assistant Director

s/ Terrence O'Connor
TERRENCE O'CONNOR
Albo & Oblon, L.L.P.
Courthouse Plaza
2200 Clarendon Boulevard
Suite 1201
Arlington, Virginia 22201
Tel: (703) 312-0410
Fax: (703) 312-0415

Attorney for Plaintiff

July 20, 2007

s/ Armando Rodriguez-Feo
ARMANDO RODRIGUEZ-FEO
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit, 8th Floor
1100 L St., NW
Washington, D.C. 20530
Tel: (202) 307-3390
Fax: (202) 514-8624

Attorneys for Defendant

July 20, 2007

**CERTIFICATE OF SERVICE**

I hereby certify that on the 20th day of July, 2007, a copy of the foregoing "JOINT STATEMENT OF UNDISPUTED FACTS" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Armando Rodriguez-Feo