**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

TMI MANAGEMENT SYSTEMS, INC., Plaintiff,

v.

THE UNITED STATES, Defendant.

Case No. 07-407C

Senior Judge Smith

**AFFIDAVIT OF RUDY VEGLIANTE**

I, Rudy Vegliante, Executive Vice-President of TMI Management Systems, Plaintiff in the above-captioned matter, being first duly sworn and under the penalties of perjury, hereby deposes and says:

1. When the GSA 736 schedule contract was awarded to TMI, it was with the understanding that the United States Government did not guarantee any dollar value to the contract. It was up to the contractor to market the contract and develop business under it. The selling advantage was it had a base of 5 years with three 5-year options. TMI took our obligation to market the contract seriously; we convinced current customers of TMI that when their stand alone contracts ended, they should re-procure the need under the schedule. Additionally, we mailed out thousands of marketing direct-mail mailings that included a CD to educate contracting officers on the benefits of using the 736 schedule including "20 year life span." We also promoted the schedule at various trade shows throughout the United States.

2. Our efforts proved successful. TMI grew the contract from ZERO sales to $19 million plus annually. We paid over $500,000 to GSA in service fees associated with using the contract.

3. GSA's decision not to exercise the first of the three 5-year options will have serious consequences for TMI. Over 55 % of our annual revenue is derived from this contract. In addition to the immediate loss of $19,000,000 in revenue, we will have to lay-off over 600 contractor personnel performing services under the various BPAs.

4. We will still be obligated to pay rent obligations for satellite offices in San Antonio, TX, Killeen TX and Honolulu HI. These offices were established as a requirement of the BPAs in the respective geographic areas. The length of the leases was tied into the length of the BPAs. The rents for these three offices are $2,650.00 per

month, with 2 and 3 years remaining on the leases. TMI also remains financially responsible for equipment leases tied into the performance of the contracts.

5. Also, we would have to lay off our two Regional Managers as well as 6 persons out of 10 at our corporate offices. Included in those six persons would be our HR Director and Operations Manager. (The remaining business we have would not allow us to keep these to key personnel). The loss of our only two Regional Managers plus 60% of our corporate staff would have serious implications for TMI's ability to market and manage new business. The loss of this staff would also affect our ability to continue to service other contracts that are not under the GSA schedule but rely on the Regional Managers and Corporate staff. These losses would be on top of significant cash flow crunch and the domino effect this cash flow loss would have on our ability to retire long term debt incurred in providing services to the government under the GSA contract.

6. Although we would lose over 60% of our gross revenues, we would still be considered a large business because SBA regulations take the 3 year average, so therefore we would not qualify to bid on a majority of federal government contracts that pertain to the line of business we are in.

7. TMI has been averaging 10% gross profit margin on our GSA contracts, with a loss of $19 million, that represents a annual loss of $1.9 million.

FURTHER AFFIANT SAYETH NOT

RUDY VEGLIANTE, Affiant

State of Pennsylvania

County/City of Easton; to wit

Subscribed and sworn to by Rudy Vegliante in my presence and in the jurisdiction aforesaid on this 27th day of July, 2007.

Stacey A. Kircher
Notary Public

My commission expires:

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
STACEY A. KIRCHER, Notary Public
Palmer Twp., Northampton County
My Commission Expires May 30, 2009