No. 07-407
(Senior Judge Smith)

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

TMI MANAGEMENT SYSTEMS, INC.,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

# DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND CROSS-MOTION FOR SUMMARY JUDGEMENT

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

DONALD E. KINNER
Assistant Director

ARMANDO A. RODRIGUEZ-FEO
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L St., NW
Washington, DC 20530
Tel: (202) 307-3390
Fax: (202) 514-8624

August 27, 2007

Attorneys for Defendant

# TABLE OF CONTENTS

TABLE OF CONTENTS . . . . . . . . . . i

TABLE OF AUTHORITIES . . . . . . . . . . ii

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND CROSS-MOTION FOR SUMMARY JUDGEMENT . . . . . . . . . . 1

STATEMENT OF THE ISSUE . . . . . . . . . . 1

STATEMENT OF THE CASE . . . . . . . . . . 2

I. NATURE OF THE CASE . . . . . . . . . . 2

II. STATEMENT OF THE FACTS . . . . . . . . . . 2

ARGUMENT . . . . . . . . . . 4

I. STANDARD OF REVIEW . . . . . . . . . . 4

II. THE CONTRACT UNAMBIGUOUSLY GIVES THE GOVERNMENT THE RIGHT TO DECLINE TO EXERCISE ITS OPTION TO EXTEND THE TERM OF THE CONTRACT . . . . . . . . . . 5

A. In The Case Of An Option Contract, Such As The One In This Case, The Decision To Exercise The Option Is Within The Government's Sole Discretion . . . . . . . . . . 5

B. Whether The Contract Was Properly Amended To Require TMI To Certify Its Status As A Small Business Is Irrelevant Because The Government May Decline To Exercise The Option At Its Sole Discretion 9

III. DECLARATORY RELIEF IS NOT WARRANTED . . . . . . . . . . 11

CONCLUSION . . . . . . . . . . 13

# TABLE OF AUTHORITIES

## CASES

Alliant Techsystems, Inc., v. United States,
178 F.3d 1260, 1271 (Fed. Cir. 1999) . . . . . . . . . . 12

Coast Fed. Bank, FSB v. United States,
323 F.3d 1035 (Fed. Cir. 2003) . . . . . . . . . . 6

Gov't Sys. Advisors v. United States,
847 F.2d 811 (Fed. Cir. 1988) . . . . . . . . . . 7, 8, 9

HiShear Technology Corp. v. United States,
356 F.3d 1372 (Fed. Cir. 2004) . . . . . . . . . . 7

Rig Masters v. United States,
42 Fed. Cl. 369 (Ct. Cl. 1998)_ . . . . . . . . . . 12

United States v. King,
395 U.S. 1, 3-4 (1969) . . . . . . . . . . 12

Western Aviation Maint., Inc. v. General Services Admin,
GSBCA No. 14165, 98-2 BCA ¶ 29,816 . . . . . . . . . . 12

## STATUTES AND OTHER SOURCES

13 C.F.R. § 121.404 . . . . . . . . . . 11

48 C.F.R. § 52.212-4(c) . . . . . . . . . . 9

48 C.F.R. § 517.207 . . . . . . . . . . 8

48 C.F.R. § 552.217-71 . . . . . . . . . . 7

48 C.F.R. § 552.238-73 . . . . . . . . . . 12

71 FR 66434, 66436 . . . . . . . . . . 11

28 U.S.C. § 1361 . . . . . . . . . . 12

41 U.S.C. §§ 601-613 . . . . . . . . . . 4

41 U.S.C. § 605(a) . . . . . . . . . . 9

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| TMI MANAGEMENT SYSTEMS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 07-407C |
| v. | ) | (Senior Judge Smith) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND CROSS-MOTION FOR SUMMARY JUDGEMENT**

Defendant, the United States, respectfully opposes plaintiff, TMI Management Systems, Inc.'s ("TMI"), motion for summary judgment, and respectfully requests that the Court grant our cross-motion for summary judgment pursuant to Rule 56 of the Rules of the United States Court of Federal Claims ("RCFC") because the Government is entitled to judgment as a matter of law. In support of our motion, we rely upon the complaint filed by TMI, TMI's motion for summary judgment, the parties' Joint Statement of Undisputed Facts ("Joint Facts"), the documents contained in the Joint Appendix ("J.A."), defendant's proposed findings of uncontroverted facts, the declaration of Richard J. Armstead, the contracting officer for the contract at issue, and the following brief.

**DEFENDANT'S BRIEF**

**STATEMENT OF THE ISSUE**

1. Whether the Government is entitled to judgment as a matter of law because TMI cannot require the Government to exercise the contract option.

**STATEMENT OF THE CASE**

I. NATURE OF THE CASE

TMI was a small business when awarded this small business set-aside contract by the United States General Services Administration ("GSA"). TMI is no longer a small business. The contract will expire on September 30, 2007, and the Government has declined to exercise its option for further services under the contract. TMI seeks a declaratory judgment restricting the Government's right to decline to exercise the option under the contract by asking the Court to determine that GSA failed to consider what it calls "required" factors in determining whether to exercise the option. The failure to consider these factors, TMI argues, breached the contract. Pl. Comp. at 17. TMI's motion for summary judgment also requests an order that "GSA shall reconsider whether or not to exercise the option based upon the factors set forth in the Contract's option clauses." Pl. Mot. at 23.[1]

As discussed below, regardless of TMI's characterization of its claim, TMI cannot compel the Government to exercise its option under the contract when the terms of the contract at issue unambiguously state that the Government has full discretion in deciding whether or not to exercise its option. To require the Government to reconsider the decision not to exercise its option would render the term "option contract" meaningless. Thus, the Government is entitled to judgment as a matter of law.

II. STATEMENT OF THE FACTS

For our response to TMI's motion for summary judgment and our cross-motion, we respectfully refer the Court to the parties' Joint Facts and the documents contained in the J.A.

---

[1] "Pl. Mot. at __" refers to the page in TMI's motion for summary judgment.

In addition, the Government offers its proposed findings of uncontroverted facts and the declaration of Richard J. Armstead, the contracting officer for the contract at issue, for the Court's consideration in support of our response and cross-motion.

On October 1, 2002, GSA awarded TMI, a Multiple Award Schedule ("MAS") contract, Contract No. GS-07F-0007N – a Schedule 736 contract – Temporary Administrative and Professional Staffing Services ("TAPS"). TMI was a small business when it received the contract award. Joint Facts at ¶ 1. The contract has a base period of five years, which will expire on September 30, 2007, and allows for the Government to exercise three five-year options. Joint Facts at ¶ 2.

Under the GSA MAS Program, GSA establishes long-term government-wide contracts with commercial firms to provide access to commercial supplies and services that can be ordered directly from GSA Schedule contractors or through GSA's online shopping and ordering system. Joint Facts at ¶ 3.

MAS contracts are indefinite delivery, indefinite quantity (IDIQ) contracts that are available for use by all authorized users. There is no competition for contractors to obtain a MAS contract because GSA awards contracts to responsible companies offering commercial items, at fair and reasonable prices, that fall within the generic descriptions in the GSA Schedule solicitations. Contracting officers determine whether prices are fair and reasonable by comparing the prices/discounts that a company offers the Government with the prices/discounts that the company offers to commercial customers. The MAS program allows GSA to make multiple contract awards to a wide variety of contractors using one solicitation. Joint Facts at ¶ 4.

The Schedule 736 program is 100% set aside for small businesses. J.A. at 36, 289-290.

When the Government first awarded TMI the contract, it had to certify that it was a small business. TMI performed satisfactorily under the contract, but it is no longer a small business. Joint Facts at ¶¶ 7-9; Armstead Decl. at ¶ 11.

On April 25, 2007, the contracting officer, pursuant to GSA instructions, required TMI to re-certify its small business status before the agency would exercise the option on the contract. J.A. at 273.

On May 1, 2007, TMI submitted a claim with the contracting officer requesting a final decision on whether GSA would exercise the option in the contract. J.A. at 274.

On June 13, 2007, the contracting officer, relying on both the GSA policy of limiting these contracts to small businesses, as well as an express contract provision, I-FSS-95, rendered his final decision and notified TMI that GSA would not exercise the option. J.A. at 279, 281; Armstead Decl. at ¶ 11.

TMI filed its complaint with the Court on June 22, 2007.

## ARGUMENT

### I. STANDARD OF REVIEW

TMI correctly identifies in its motion the relevant standards employed by this Court in resolving a motion for summary judgment, and the applicable standard of review in actions appealing the decision of a contracting officer under the Contracts Disputes Act.[2] Pl. Mot. at 12.

---

[2] 41 U.S.C. §§ 601-613.

## II. THE CONTRACT UNAMBIGUOUSLY GIVES THE GOVERNMENT THE RIGHT TO DECLINE TO EXERCISE ITS OPTION TO EXTEND THE TERM OF THE CONTRACT

### A. In The Case Of An Option Contract, Such As The One In This Case, The Decision To Exercise The Option Is Within The Government's Sole Discretion

TMI misinterprets the option clause of the contract. The issue, as suggested by TMI, is fairly narrow and straightforward in that the Court need look no further than clause I-FSS-163 of the contract, "Option to Extend the Term of the Contract (Evergreen) (Apr. 2000)," in making its decision. J.A. at 36. We agree.

Where we disagree is that TMI suggests that the Government failed to apply certain factors in deciding not to exercise its option. Specifically, TMI alleges that under clause I-FSS-163(a), the Government "must determine whether exercising the option is advantageous considering price and other factors," including whether performance has been acceptable under the contract, before declining to exercise the option.[3] Pl. Comp. at 15. This is simply an

---

[3] OPTION TO EXTEND THE TERM OF THE CONTRACT (EVERGREEN) (APR 2000).

> (a) The Government <u>may</u> require continued performance of this contract for an additional 5 year period when it is determined that exercising the option is advantageous to the Government considering price and other factors. The option clause may not be exercised more than three times. <u>When the option to extend the term of this contract is exercised</u> the following conditions are applicable:
> (1) It is determined that exercising the option is advantageous to the Government considering price and other factors covered in (2 through 4 below).
> (2) The Contractors electronic catalog/pricelist [sic] has been received, approved, posted, and kept current on GSA Advantage™ in accordance with clause I-FSS-600, Contract Price Lists.
> (3) Performance has been acceptable under the contract.
> (4) Subcontracting goals have been approved.
> (b) The Contracting Officer <u>may</u> exercise the option by providing a

incorrect interpretation of the contract.

In defining what contract terms mean, the United States Court of Appeals for the Federal Circuit's peremptory command of law is that when the contractual language is unambiguous on its face, no further inquiry is required, and the plain language of the agreement controls. Coast Fed. Bank, FSB v. United States, 323 F.3d 1035, 1040 (Fed. Cir. 2003) (en banc). The contract term governing options in this contract could not be more clear.

Nothing in clause I-FSS-163 of the contract commits the Government to renewal, or regulates the conditions under which it could decide to forego the exercise of its option to renew. TMI misreads the terms of this clause. That is, clause I-FSS-163 does not require the Government to specifically apply certain required factors in not exercising the option. See Pl. Comp. at 15-16. The phrase, "when it is determined that exercising the option is advantageous to the Government considering price and other factors," modifies the beginning of the first sentence of the clause which states, "[t]he Government may require continued performance of this contract." (emphasis added). These factors that TMI alleges were not considered by the Government are simply not relevant when the Government chooses not to exercise the option.

In other words, the Government may decline to exercise its option, even if "exercising the option is advantageous to the Government considering price and other factors."

---

> written notice to the Contractor within 30 days, unless otherwise noted, prior to the expiration of the contract or option.
> (c) When the Government exercises its option to extend the term of this contract, prices in effect at the time the option is exercised will remain in effect during the option period, unless an adjustment is made in accordance with another contract clause (e.g., Economic Price Adjustment Claus or Price Reduction Clause).
>
> J.A. at 36 (emphasis added).

Furthermore, before the list of the four conditions, the clause states: "[w]hen the option to extend the term of this contract is exercised the following conditions are applicable." Id. (emphasis added). In this case, the option to extend the term of this contract was not exercised. As a result, the conditions listed in the clause following this phrase are not applicable. TMI is simply mistaken. The conditions identified in clause I-FSS-163 are only applicable when the Government exercises the option.

This option clause gives the Government the unilateral right to not exercise an option to extend the term of the contract. The word "may" cannot be more clear. See Gov't Sys. Advisors v. United States, 847 F.2d 811, 813 (Fed. Cir. 1988) ("That the option is a true option is illustrated by the penultimate sentence of the provision, which opens with an indication that renewal will be uncertain."); HiShear Technology Corp. v. United States, 356 F.3d 1372 (Fed. Cir. 2004). The renewal of this contract is within the complete discretion of the Government. Id.

Even "when it is determined that exercising the option is advantageous to the Government considering price and other factors," the Government is still not required to exercise the option. Pl. Comp. at 5. In fact, price and other factors are only important guidelines for the Government when it does exercise its option, and the Government then still only "*may* require continued performance," if it so chooses. Where a contract is renewable at the option of the Government, the Government enjoys complete discretion to do so. HiShear, 356 F.3d at 1380; Gov't Sys. Advisors, 847 F.2d at 813.

In addition, TMI mistakenly relies on 48 C.F.R. § 552.217-71, which is incorporated into

the contract, to support its position. Pl. Comp. at 15-16; Pl. Mot. at 4; J.A. at 50[4]. This clause, which references 48 C.F.R. § 517.207 by reference, regulates the conditions under which the Government could decide to exercise its option to renew. See Pl. Comp. at 4; 48 C.F.R. § 517.207.[5] Nor does this clause regulate the conditions under which the Government could decide to forego the exercise of its option to renew. <u>See</u> <u>Gov't Sys. Advisors</u>, 847 F.2d at 813. That is, the option evaluation factors stressed by TMI are not required when the Government does not exercise the option. See Pl. Comp. at 15-16; Pl. Mot. at 4-5; 48 C.F.R. § 517.207. Although GSA is aware of TMI's satisfactory past performance under the contract, it is in no way restricted by this clause, or any other clause in the contract, in deciding not to exercise the option. Joint Facts at ¶ 5.

In this case, the contracting officer explained that it was not in the best interest of GSA to exercise an option to a large business, such as TMI, when the contract resulted from a total small business set-aside. J.A. at 279. The terms of the contract regarding the *possible* option periods in clause I-FSS-163 clearly give the Government the discretion to decide not to exercise its

---

[4] In its brief, TMI mistakenly refers to the clause as 48 C.F.R. § 552.217-17.

[5] Which provides:

> <u>Before exercising an option</u>, you must:
> (a) Synopsize it unless you meet of the following conditions:
>> (1) The option was evaluated as part of the original competition.
>> (2) The contract action meets an exception in FAR 5.202.
>
> (b) Conclude that the contractor's performance under the contract met or exceeded the Government's expectation for quality performance, unless another circumstance justifies an extended contractual relationship.
> (c) Determine that the option price is fair and reasonable.

48 C.F.R. § 517.207 (emphasis added).

option.

B. Whether The Contract Was Properly Amended To Require TMI To Certify Its Status As A Small Business Is Irrelevant Because The Government May Decline To Exercise The Option At Its Sole Discretion

TMI argues that the Government's unilateral modification, including the incorporation of clause I-FSS-95, which requires a small business to re-certify its small business status before exercising an option ("MO06"), was "improper, contrary to law, and constitutes a breach of contract resulting in TMI incurring significant damages."[6] Pl. Comp. at 14; Pl. Mot. at 6; J.A. at 238. Whether or not the clause requiring TMI to certify its small business size was properly incorporated, the Government had the discretion to decline to exercise the option for any reason, including the fact that TMI was no longer a small business.

TMI's reliance on the provisions of 48 C.F.R. § 52.212-4(c), which states that any change to the contract can only be done with consent of both parties, is misplaced and not dispositive. J.A. at 16. Clause I-FSS-95 was incorporated into the contract effective September 20, 2003, without any objection by TMI. More than three years have passed since the incorporation of that clause, and TMI has continued performance under the new terms of the contract without objection. However, whether or not clause I-FSS-95, and Modification MO06, is deemed part of the contract is ultimately irrelevant in determining the legality of the Government's decision to decline to exercise its option because no provision of the contract restricts the Government's freedom to decline the exercise of an option to extend the contract. See Gov't Sys. Advisors, 847 F.2d at 813.

In fact, the contracting officer would have declined to exercise the option in this case

[6] To the extent TMI is seeking monetary relief in its complaint, the Court lacks subject matter jurisdiction, pursuant to RCFC 12(b)(1), because TMI has failed to comply with the mandatory exhaustion requirements of the CDA. See 41 U.S.C. § 605(a).

regardless of clause I-FSS-95 because GSA directive, FSS acquisition letter FX-03-3, issued June 19, 2003, which provided additional guidance for implementing GSA acquisition letter MV-03-01, required that the contracting officer decline to exercise options with companies that are no longer small businesses. J.A. at 281-83; Armstead Decl. at ¶ 11-12. This acquisition letter, which TMI now acknowledges is currently in effect, includes several distinct instructions to contracting officers on how to handle small business set-aside option contracts under the GSA MAS program. Joint Facts ¶ 9. Specifically, the directive provides instructions for implementing GSA's desire to keep these types of contracts limited to small businesses. Section 7 of the directive, entitled "Instruction/Procedures," at subsection d, directs the contracting officer to not exercise the option on a set-aside contract in a situation where "contracts [were] awarded with small business set-asides, and the contractor re-represents themselves as 'other than small.'" J.A. at 283. This is the exact situation in this case. TMI is no longer a small business. Subsection f of the directive makes reference to amending contracts with clause I-FSS-95. J.A. at 281-83. It follows then that the requirement to decline to exercise options with other than small businesses is not dependant upon the incorporation of I-FSS-95 at all. J.A. at 283. This directive is further supported by ample evidence of GSA's desire to keep the Schedule 736 contracts – the type of contract that TMI is a party to – limited to small businesses. Joint Facts ¶¶ 7-8; J.A. 289-290.

Allowing a non-small business, like TMI, to compete against the other 200 plus small businesses that are part of the schedule 736 contracts would disadvantage those small business. Armstead Decl. at ¶ 12. The Government has the right to limit contract awardees to small businesses, and the decision is a legitimate exercise of its discretion.

In an effort to bolster its argument that the Government should be required to exercise the

option with TMI even though it is no longer a small business, TMI selectively quotes from the new SBA regulation, 13 C.F.R. § 121.404, and accompanying comments in order to posit that "the GSA policy of not exercising options with large businesses is improper and indeed anti-competitive in the eyes of the SBA." Pl. Mot. at 7. Nothing could be further from the truth.

To the contrary, the pertinent SBA comments to the rule provide:

> The final rule does not prohibit a contracting officer from exercising an option, even where a concern has outgrown the applicable size standard on a small business set-aside contract, but it also does not require a contracting officer to do so. . . . [w]e recognize that a procuring agency may decline to exercise an option with a firm that cannot re-certify that it is small because the agency will not receive small business credit for the continued performance of that firm, that is a decision that is best left to the discretion of the contracting officer, after taking into account the agency's small business contracting goals, the firm's past performance, the existing competitive mix, and other factors that go into that decision. To the extent some concerns will not be considered for orders under full and open contracts because they are no longer small, other small business concerns will benefit by being considered for, and receiving, those orders.

71 FR 66434, 66436. Accordingly, the contracting officer's exercise of discretion is consistent with SBA policy, as well as agency policy.

## III. DECLARATORY RELIEF IS NOT WARRANTED

TMI seeks a declaration from this Court declaring that Clause I-FSS-95 was not validly incorporated into the Contract and that GSA breached the Contract when it failed to consider what it calls “required” factors when determining whether to exercise the option. Pl. Mot. at 23. It also seeks an order directing the GSA to reconsider whether or not to exercise the option. As discussed above, whether or not clause I-FSS-95, incorporated by Modification MO06, is deemed part of the contract is ultimately irrelevant to the Government’s decision to decline to exercise its option.

Having shown that the Government was under no obligation to exercise the option with TMI, a declaration that clause I-FSS-95 was not validly incorporated into the contract would not change GSA's position that Schedule 736 contracts are only for small businesses. Thus, a declaration would be meaningless without an additional order directing the contracting officer to exercise the option, which is beyond the jurisdiction of this Court.[7] Rig Masters v. United States, 42 Fed. Cl. 369, 373 (Ct. Cl. 1998) (this court does not have jurisdiction over claims for specific performance) (citing United States v. King, 395 U.S. 1, 3-4 (1969) (other citations omitted). Moreover, the Court should not grant declaratory relief where such relief will not provide a complete remedy or resolve the dispute between the parties. See Alliant Techsystems, Inc., v. United States, 178 F.3d 1260, 1271 (Fed. Cir. 1999).

TMI's proffered affidavit and its discussion in its brief about the potential economic losses it will suffer if the contract is not renewed are out of place. For example, task orders issued under the contract to provide temporary employees are limited to an initial duration of only 120 work days, with a maximum of 240 work days. Armstead Decl. ¶ 7. And the contract itself incorporates 48 C.F.R. § 552.238-73, which provides that either party could cancel the contract with 30-days notice. Clause I-FSS-163 makes clear that renewal of the contract would be at the Government's sole discretion and, therefore, not required.

---

[7] To the extent that plaintiff may be disguising a claim for specific performance or mandamus as declaratory relief, this Court does not possess jurisdiction over claims for either in the context of contract performance. 28 U.S.C. § 1361 (only district courts may order mandamus relief to compel an officer or employee of the United States or any agency thereof to perform a purported duty owed to the plaintiff); Rig Masters, 42 Fed. Cl. at 373; Western Aviation Maint., Inc. v. General Services Admin, GSBCA No. 14165, 98-2 BCA ¶ 29,816 (holding that the 1992 Tucker Act amendments did not waive the Government's immunity from specific performance suits).

**CONCLUSION**

For the foregoing reasons, the Court should deny TMI's motion for summary judgment and grant the Government's cross-motion for summary judgment. The Government did not breach its contract with TMI by declining to exercise the option to extend the contract.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ ______________________________
DONALD E. KINNER
Assistant Director

OF COUNSEL
Lee W. Crook, III
Assistant Regional Counsel
General Services Administration
Office of Regional Counsel (7L)
Room 11A31
819 Taylor Street
Fort Worth, TX 76102
Tel: (817) 978-2391

s/ Armando A. Rodriguez-Feo
ARMANDO A. RODRIGUEZ-FEO
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Washington, D.C. 20005
Tel: (202) 307-3390
Fax: (202) 514-8624

Attorneys for Defendant

August 27, 2007

CERTIFICATE OF FILING

I hereby certify that on this 27th day of August, 2007, a copy of the foregoing "DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND CROSS-MOTION FOR SUMMARY JUDGEMENT " was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. The parties may access this filing through the Court's system.

s/ Armando Rodriguez-Feo