IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| TMI MANAGEMENT SYSTEMS, INC | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 07-407C |
| v. | ) | (Senior Judge Smith) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**DECLARATION OF RICHARD J. ARMSTEAD**

I, Richard J. Armstead, declare under penalty of perjury:

1. I am a Contracting Officer with the Federal Acquisition Service of the United States General Services Administration, Greater Southwest Acquisitions Center, Fort Worth, Texas.

2. The first GSA MAS solicitation for temporary staffing services was issued in February 1997. The program was identified as Schedule 736 and entitled "Temporary Support Services: Administrative and Professional." It was created as a 100% small business set-aside only. On October 1, 2002, the 736 program was incorporated into the Schedule 539, Solutions and More, solicitation as part of a pilot program.

3. After undergoing the pilot program with Schedule 539, in April 2003 all Schedule 736 Special Item Numbers (SINs) were again identified solely within Schedule 736, and the new schedule was entitled "Temporary Administrative and Professional Staffing Services" (TAPS).

4. Schedule 736 proposals received from other than small business are immediately rejected by the GSA Contracting Officer as non-responsive.

5. Businesses must register in the government's Central Contractor Registration (CCR) and Online Representation and Certifications Application (ORCA), both of which provide the applicable business size.

6. There are currently 236 contracts under Schedule 736, all of which are either small businesses, or as in the case of TMI, other than small businesses for which GSA will not exercise its option because of their change in size.

7. Authorized users of the Schedule 736 program must initially limit their task orders to 120 workdays with an extension to a maximum of 240 workdays. 5 CFR Part 300.

8. On October 1, 2002, GSA awarded TMI a MAS contract, Contract No. GS-07F-0007N, under Schedule 736 "Temporary Administrative and Professional Staffing Services" (TAPS). TMI was a small business when they received a contract award.

9. On September 20, 2003, GSA issued MAS Modification Number MO06 to TMI. Modification Number MO06 unilaterally incorporated clause I-FSS-95 without objection from TMI until May 2007.

10. GSA issued MAS Modification Number MO06 to all MAS contract holders for the Greater Southwest Acquisition Center ("Center") in compliance with Acquisition Letter FX 03-3, originally dated June 19, 2003. Acquisition Letter FX 03-3 was extended through November 22. 2007.

11. Even though TMI's performance was satisfactory, I made the decision to not exercise the option with TMI based on the guidance outlined in the GSA Acquisition Letter MV-03-01 and reiterated by FSS Acquisition Letter FX-03-3 which stated that a contracting officer shall not exercise the option on a set-aside contract or set-aside Special Item Number on contracts awarded with small business set-asides, and the contractor re-represents themselves as "other than small." The Acquisition Letters, also, stated that existing contracts should be modified to include clause I-FSS-95 as notification to current contractors.

12. I would have come to the same conclusion – that it is not in the Government's best interest to exercise an option to a large business on a small business set aside – regardless of whether or not clause I-FSS-95 was incorporated into the contract. To exercise the option with TMI, as a large business, on a Schedule set aside for small businesses would cause the more than 200 small businesses to compete for business against a large business which they are not equipped to do.

I declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct to the best of my knowledge and belief, based on my personal knowledge and the official records of General Services Administration.

Date: 8/24/07

Richard J. Armstead

CERTIFICATE OF FILING

I hereby certify that on this 27th day of August, 2007, a copy of the foregoing "DECLARATION OF RICHARD J. ARMSTEAD" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. The parties may access this filing through the Court's system.

s/ Armando Rodriguez-Feo