# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| TMI MANAGEMENT SYSTEMS, INC., Plaintiff, v. THE UNITED STATES, Defendant. | Case No. 07-407C<br>Senior Judge Smith |

## PLAINTIFF'S RESPONSE TO DEFENDANT'S PROPOSED FINDINGS OF UNCONTROVERTED FACT

Pursuant to Rule 56(h)(2) of the Rules of the United States Court of Federal Claims ("RCFC"), Plaintiff respectfully submits the following response to Defendant's proposed findings of uncontroverted fact.

1. Richard J. Armstead is a contracting officer with the Federal Acquisition Service of the United States General Services Administration, Greater Southwest Acquisitions Center, Fort Worth, Texas. Armstead Decl. at ¶ 1.

**Plaintiff agrees with the finding as stated.**

2. There are currently 236 contracts under Schedule 736, all of which are either small businesses, or as in the case of TMI, other than small businesses for which GSA will not exercise its option because of their change in size. Armstead Decl. at ¶ 6.

**Plaintiff disagrees with the finding as stated.** Plaintiff TMI is a small business for the purposes of this Contract for the duration of the Contract and any options periods. The SBA regulation in effect at the time the parties entered the Contract provided that the small business

status of a vendor is established by the vendor's status at the time its offer was submitted to the Government. 13 C.F.R. § 121.404 ("Generally, SBA determines the size status of a concern (including its affiliates) as of the date the concern submits a written selfcertification that it is small to the procuring agency as part of its initial offer including price."). "FAR changes apply to solicitations on or after the effective date of the change[.]" 48 C.F.R. § 1.108(d)(1). No valid modifications have been made to the Contract that would have rendered any later versions of 13 C.F.R. § 121.404 applicable to the Contract.

3. Authorized users of the Schedule 736 program must initially limit their task orders to 120 workdays with an extension to a maximum of 240 workdays. Armstead Decl. at ¶ 7.

**Plaintiff agrees with the finding as stated.**

4. On September 20, 2003, GSA issued MAS Modification Number MO06 to TMI. Modification Number MO06 unilaterally incorporated clause I-FSS-95 without objection from TMI until May 2007. Armstead Decl. at ¶ 9.

**Plaintiff disagrees with the finding as stated.** Plaintiff disagrees with Defendant's statement that the Modification Number MO06 unilaterally incorporated I-FSS-95 into the Contract. The Changes Clause of the Contract provides that "[c]hanges in the terms and conditions of this contract may be made only by written agreement of the parties." JA at 16. Modification MO06 was never subject of a written agreement of both TMI and GSA and therefore was not validly incorporated into the Contract.

5. The contracting officer determined that it was in the Government's best interest to decline to exercise the option to renew TMI's contract based on GSA policy and contract clause I-FSS-95. Armstead Decl. at ¶ 11.

**Plaintiff agrees with the finding as stated** to the extent that it is supported by the Contracting Officer's final decision.

6. The contracting officer would have declined to exercise the option to renew TMI's contract even if clause I-FSS-95 had not been incorporated into the contract, consistent with GSA guidance. Armstead Decl. at ¶12; J.A. at 283.

**Plaintiff disagrees with the finding as stated.** Plaintiff contends that the contracting officer's decision to decline to exercise the option in the absence of a modification to the Contract would not be consistent with GSA guidance.

Respectfully submitted,

s/ Terrence O'Connor

Terrence M. O'Connor
Stephanie D. Wilson
ALBO & OBLON, L.L.P.
2200 Clarendon Boulevard, Suite 1201
Arlington, Virginia 22201
Telephone: (703) 562-3382
Facsimile: (703) 312-0415
*Counsel for TMI Management Systems, Inc.*

Dated: August 31, 2007

**CERTIFICATE OF SERVICE**

I hereby certify that on the 31st day of August, 2007, a copy of the foregoing "PLAINTIFF'S RESPONSE TO DEFENDANT'S PROPOSED FINDINGS OF UNCONTROVERTED FACT" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Terrence O'Connor