# In the United States Court of Federal Claims

Case No.07-407C
Filed: September 25, 2007
FOR PUBLICATION

| | | |
|---|---|---|
| **TMI MANAGEMENT SYSTEMS, INC.** *Plaintiff,* v. **THE UNITED STATES**, *Defendant.* | * | Motion for Summary Judgment; Cross-Motion for Summary Judgment; Option Clause |

*Terrence O'Connor*, Albo & Oblon, L.L.P, Arlington, VA, for Plaintiff.

*Armando A. Rodriguez-Feo*, Trial Attorney, with whom were *Peter D. Keisler*, Assistant Attorney General; *Jeanne E. Davidson*, Director; *Donald E. Kinner*, Assistant Director; Commercial Litigation Branch, Civil Division, Department of Justice, Washington, D.C., for Defendant.

## OPINION AND ORDER

**Smith**, Senior Judge.

This case arises from a contract between TMI Management Systems, Inc. ("TMI") and the General Services Administration ("GSA") entered into in October 2002 for temporary administrative and professional staffing services. TMI was a small business when awarded this small business set-aside. Presently, TMI no longer qualifies as a small business. The Contract will expire on September 30, 2007, and the Government has declined to exercise its option for further services under the Contract. TMI seeks declaratory judgment restricting the Government's right to decline to exercise the option under the Contract.

Before the Court is Plaintiff's Motion for Summary Judgment and Defendant's Opposition to Plaintiff's Motion for Summary Judgment and Cross-Motion for Summary Judgment. Plaintiff argues that GSA failed to consider required factors in determining whether to exercise the option and, therefore, by failing to consider the factors, GSA breached the contract. In addition, TMI requests the Court to order GSA to reconsider whether or not to exercise the option based upon

certain factors set forth in the Contract's Option Clause. The Government argues however, that TMI cannot compel it to exercise its option under the Contract as the terms of the Contract at issue unambiguously state that the Government has full discretion in deciding whether or not to exercise its option. To do so, the Government contends, would render the term "option contract" meaningless. The Court agrees with the Government. Therefore, the Court must deny Plaintiff's Motion for Summary Judgment and hereby **GRANTS** Defendant's Cross-Motion for Summary Judgment.

## I. Facts[1]

On October 1, 2002, GSA awarded TMI a Multiple Award Schedule ("MAS") contract, Contract No. GS-07F-0007N, a Schedule 736 contract, Temporary Administrative and Professional Staffing Services ("TAPS"). At the time, TMI was a small business. The Contract has a base period of five years, which will expire on September 30, 2007, and allows for the Government to exercise three five-year options.

Under the GSA MAS Program, GSA established long-term government-wide contracts with commercial firms to provide access to commercial supplies and services that can be ordered directly from the GSA Schedule contractor, or through GSA's online shopping and ordering system. These contracts are indefinite delivery, indefinite quantity (IDIQ) contracts that are available for use by all authorized users. There is no competition for contractors to obtain a MAS contract. GSA awards contracts to responsible companies, offering commercial items, at fair and reasonable prices, that fall within the generic descriptions in the GSA Schedule solicitations. Contracting Officers determine whether the prices are fair and reasonable by comparing the prices/discounts that a company offers to the Government with the prices/discounts that the company offers to commercial customers. The MAS program allows GSA to make multiple contract awards to a wide variety of contractors using one solicitation.

The Schedule 736 program is 100% set-aside for small business. There are currently 236 contracts under Schedule 736, all of which are small businesses. TMI performed satisfactorily under the contract. However, TMI no longer qualifies as a small business and no longer certifies itself as one when submitting offers for new government contracts.

On May 1, 2007, TMI submitted a formal claim to the Contracting Officer requesting that GSA exercise the option. On June 13, 2007, the Contracting Officer denied TMI's claim stating that "[t]he government has the unilateral right to exercise an option on a contract. It is not in the best interest of GSA to exercise an option to a large business when the contract resulted from a total small business set-aside. Under the terms of clause I-FSS-95(b), the GSA is prohibited from exercising an option with a company that has become large when the contract was awarded under

[1] The facts are taken from the parties' Joint Statement of Undisputed Facts and Joint Appendix ("JA").

a small business set-aside." JA at 279. Thereafter, TMI filed its complaint.

## II. Jurisdiction and Standard of Review

This Court has jurisdiction over the subject matter of this action pursuant to the Tucker Act, 28 U.S.C. § 1491(a)(2)(2006), and the Contract Disputes Act of 1978 ("CDA"), 41 U.S.C. §§ 601-613 (2006). In addition, this Court has jurisdiction to grant non-monetary relief, including declaratory relief, in connection with a claim arising under 41 U.S.C. § 609(a)(1) of the CDA.

A court may grant summary judgment "if the record shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Moden v. United States*, 404 F.3d 1335, 1342 (Fed. Cir. 2005). "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). On cross-motions for summary judgment, the court must evaluate each motion in its own right and resolve any reasonable inferences against the party whose motion is being considered. *First Federal Savings Bank of Hegewisch v. United States*, 52 Fed. Cl. 774, 780 (2002). A cross-motion for summary judgment is one party's claim that it alone is entitled to summary judgment. *Id.*

## III. Discussion

TMI states that from the outset, "Plaintiff agrees with the Government that the Government has the sole discretion to exercise the option and that nothing in the Contract commits the Government to renewal." Pl. Reply Br. at 1. The Plaintiff asserts that at no time did it argue that the Government is obligated to exercise the option. *Id.* "Rather, it is the Plaintiff's position that the Government is obligated to adhere to the Contract requirements in making its decision whether to exercise the option." *Id.* Therefore, the Plaintiff argues that the Government's right not to exercise the option is restricted and thus, the Government's decision must conform to the Contract's requirements and cannot stand if it violates the terms of the Contract. *Id.* at 1-2. On the other hand, the Government asserts that TMI misinterprets the option clause of the Contract.

Both parties direct the Court's attention to the option clause, I-FSS-163 "Option to Extend the Term of the Contract (Evergreen)(Apr. 2000)." Both parties agree that the Court need not look further than this clause in determining the case. The option clause reads:

> OPTION TO EXTEND THE TERM OF THE
> CONTRACT (EVERGREEN) (APR 2000)
>
> (a) The Government may require continued performance of this contract for an additional 5 year period when it is determined that exercising the option is advantageous to the Government considering price and other factors. The option clause may not be exercised more

> than three times. When the option to extend the term of this contract is exercised the following conditions are applicable:
> (1) It is determined that exercising the option is advantageous to the Government considering price and other factors covered in (2 through 4 below).
> (2) The Contractors electronic catalog/price list [sic] has been received, approved, posted, and kept current on GSA Advantage™ in accordance with clause I-FSS-600, contract Price Lists.
> (3) Performance has been acceptable under the contract.
> (4) Subcontracting goals have been approved.
> (b) The Contracting Officer may exercise the option by providing a written notice to the Contractor within 30 days, unless otherwise noted, prior to the expiration of the contract or option.
> (3) When the Government exercises its option to extend the term of this contract, prices in effect at the time the option is exercised will remain in effect during the option period, unless an adjustment is made in accordance with another contract clause (e.g., Economic Price Adjustment Clause or Price Reduction Clause.)

JA at 36.

TMI argues that under I-FSS-163(a) the Government was required to apply certain factors in deciding not to exercise its option. Specifically, TMI alleges that under this clause the Government "must determine whether exercising the option is advantageous considering price and other factors," including whether performance has been acceptable under the Contract, before declining to exercise the option. Pl. Comp. at 15.

TMI further relies on 48 C.F.R. § 552.217-71, which is incorporated into the Contract to support its position that the Government must evaluate the factors contained within before choosing not to exercise the option. Pl. Compl. at 15-16. This clause, Plaintiff argues, which references 48 C.F.R. § 517.207, regulates the conditions under which the Government could decide to exercise its option to renew. *Id.* at 4. Specifically, this clause provides:

> Before exercising an option, you must:
> (a) Synopsize it unless you meet one of the following conditions:
>
> (1) The option was evaluated as part of the original competition.
> (2) The contract action meets an exception in FAR 5.202.
>
> (b) Conclude that the contractor's performance under the contract met or exceeded the Governments expectation for quality performance, unless another circumstance justifies an extended contractual relationship.
> (c) Determine that the option price is fair and reasonable.

48 C.F.R. § 517.207.

The Government contends that nothing in the clauses commit the Government to renew the

Contract, nor do the clauses regulate the conditions under which the Government could decide to forego the exercise of its option to renew. Def. Br. at 6. Instead, it is the Government's position that the clauses apply only if the Government decides to exercise the option. *Id*. The Court agrees with the Government that the conditions only restrict the Government from exercising the option. Non-exercise is unrestricted. Conditions are inherently negative concepts which limit exercise but make no sense in terms on non-exercise. This is not surprising as the concern of Congress was giving contracts to contractors who were unqualified performers. There are a large number of potential reasons why the option does not have to be exercised that are inherent in the concept of the option itself. There is no indication that Congress sought to limit the Government's discretion to not exercise an option in this situation.

Here, I-FSS-163 clearly states: "*[w]hen* the option to extend the term of this contract is exercised the following conditions are applicable: 1) it is determined that exercising the option is advantageous to the Government considering price ane other factors." This sentence modifies the beginning sentence which states "[t]he Government *may* require continued performance of this contract. . . . " (emphasis added). Thus, because the words contained in the provision are "when" and "may" and not "must," the provision "opens with an indication that renewal will be uncertain." *Gov't Systems Advisors v. United States,* 847 F.2d 811, 813 (Fed. Cir. 1988). The Court finds that this option clause gives the Government the right to exercise the option with conditions or not to exercise the option.

The word *may* is clear. Thus, even if it is determined that exercising the option is advantageous to the Government after considering price and other factors, the Court finds that the Government is still free to decline to exercise its option. The renewal of this contract is within the broad but not unlimited discretion of the Government. Further, in this case, the Contracting Officer explained that it was not in the best interest of GSA to exercise an option to a large business, such as TMI, when the contract resulted from a total small business set-aside. JA at 279. The terms of the Contract regarding the *possible* option period in clause -I-FSS-163 clearly give the Government the discretion to decide not to exercise the option. Therefore, whether or not the factors were considered by the Government, in declining to exercise the option, is simply irrelevant. The factors would only be relevant if the Government *was* exercising the option.

And lastly, TMI argues that in 2003 when Modification MO06 Clause I-FSS-95 was added to the Contract, this provision was added unilaterally and, therefore, not validly incorporated into the Contract. This provision provided that when a contract resulted from a small business set-aside, if a previously awarded concern re-represents itself as other than small, the Contracting Officer is precluded from exercising that option. This argument has no force because this so called modification is a Government restriction on itself not on the Contractor. Whether it is was added unilaterally or not has no bearing on the case. Here, the Government enjoys complete discretion when deciding not to exercise the option. *See HiShear Technology Corp. v. United States*, 356 F.3d 1372 (Fed. Cir. 2004).

## V. <u>Conclusion</u>

For the reasons set forth above, the Plaintiff's Motion for Summary Judgment is **DENIED** and Defendant's Cross-Motion for Summary Judgment is **GRANTED**. The Clerk is directed to dismiss the complaint.

**It is so ORDERED.**

s/Loren A. Smith
LOREN A. SMITH
Senior Judge